UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 9:17cv80824  ROSENBERG/HOPKINS

DAYNA CHRISTINE CLAWSON, as Personal
Representative of the Estate of
RICKY KEVIN WHIDDEN

       Plaintiff,

vs.

JUSTIN RIGNEY, in his Individual Capacity,
and PALM BEACH COUNTY SHERIFF'S OFFICE
[RIC BRADSHAW in his capacity as Sheriff
of Palm Beach County, Florida]

       Defendant.
_____/

**PLAINTIFF'S INTERROGATORIES TO DEFENDANT JUSTIN RIGNEY**

Plaintiff, DAYNA CHRISTINE CLAWSON as Personal Representative of the Estate of RICKY KEVIN WHIDDEN, deceased pursuant to Rule 33 of the Federal Rules of Civil Procedure, requests that Defendant JUSTIN RIGNEY, answer under oath the following interrogatories within thirty (30) days from the date of service upon Defendant Justin Rigney.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk via the CM/ECF and an electronic notification was sent via email to the following this___ day of August, 2017:

| | |
|---|---|
| BRUCE JOLLY, ESQUIRE & | SCOTT N. RICHARDSON, ESQUIRE |
| RICHARD A. GUIFFREDA. ESQUIRE | Law Office of Scott N. Richardson, P. A. |
| Purdy Jolly Giuffreda & Barranco, P.A. | 1401 Forum Way, Suite 720 |
| 2455 E. Sunrise Boulevard, Suite 1216 | West Palm Beach, FL  33401 |
| Orlando, Florida 32802-4973 | Email: snr@scottrichardsonlaw.com |
| Email: bruce@purdylaw.com | meh@scottrichardsonlaw.com |
| Attorneys for Defendant Ric Bradshaw | Attorney for Defendant Justin Rigney |

       **KAPLAN & SCONZOER, P.A.**
       PGA Financial Plaza
       3399 PGA Boulevard, Suite 150
       Palm Beach Gardens, Florida 33410
       Telephone: (561) 296-7900
       Facsimile: (561) 296-7919
       By**: /s/ Stuart N. Kaplan**
       STUART N. KAPLAN, ESQUIRE
       Florida Bar No.: 0647934
       Email**:** skaplan@ksplaw.com
       Secondary email: jwise@ksplaw.com

## I. INTRODUCTION

1. These Interrogatories are continuing in nature so as to require the Defendant(s) to immediately provide such additional information as the Defendant(s), his/her attorney or anyone acting on behalf of or in concert with the Defendant(s) may have or may obtain between the time the answers to these Interrogatories are served and the time of trial.

2. The definitions and instructions set forth below constitute and are integral parts of the following Interrogatories.

## II. DEFINITIONS

1. The word, "identify" when used in reference to a natural person means state:

   A. His or her full name and address (or if the present is not known, his or her last known address);

   B. The full name and address of each of his or her employers, each corporation of which he or she is an officer or director and each business in which he or she is an officer or director and each business in which he or she is a principal; and,

   C. Such other information sufficient to enable Plaintiff(s) to identify the person.

2. The word "any" includes "all" and "all" includes "any".

3. Use of a verb in any tense includes its use in all other tenses wherever necessary to bring within the scope of the request all responses which might otherwise be construed outside its scope. The words "all" and "or" shall be construed conjunctively and disjunctively so as to make the request inclusive rather than exclusive. A series of persons or things joined by the word "or" shall refer to any, all or any combination of them.

4. The singular shall be construed to include the plural and the plural to include the singular.

5. The word "communicate" or "communication(s)" shall mean every manner or means of disclosure, transfer, or exchange, and every oral or written statement exchange of information of any type

between two or more persons including, but not limited to documents, telephone or face-to-face conversations, meetings or conferences.

6. The word "document(s)" shall mean any kind of written, printed, typed, reported, recorded or graphic matter, however produced or reproduced, of any kind or description, whether sent or received, including any original and non-identical copies whether different from the original by reason of any notations made on such copies or otherwise (and any drafts, alterations, modifications, changes and amendments of any of the foregoing), file folders, jackets or other containers in which any documents are maintained that is in your actual or constructive possession or control or the existence of which is known to you regardless of the medium on which it is recorded including, but not limited to, correspondence; records; memoranda; notes; letters; telegrams; telexes; telecopies; messages; reports; analyses; publications; circulars; bulletins; instructions; minutes; questionnaires; contracts; agreements; orders; records or summaries of negotiations; voice recordings; records or summaries of personal interviews or conversations; appointment calendars; schedules; printouts; papers; books; notices; announcements; charts; manuals; brochures; transcripts; agendas; recordings of telephone or other conversations; interviews; conferences or other meetings; affidavits; statements; summaries; opinions; studies; evaluations; journals; diaries; lists; tabulations; drawings; sketches; photographs; film, computer printouts; data processing input/output; microfilms; computer disks; all other records kept by electronic, photographic, or mechanical means; and other things similar to any of the foregoing, whether originals, drafts or copies thereof.

7. "Person" means any natural person; individual; proprietorship; partnership; firm; corporation; association; organization; joint venture; business trust or other business enterprise; governmental body or agency; public, legal or business entity or group of natural persons or other entities whether sui juris or otherwise, and, where appropriate, the plural thereof.

8. The words "refer" or "relate to" shall mean contained; allude to; respond to; comment upon; discuss; show; disclose; explain; mention; analyze; constitute; comprise; evidence; set forth; summarize; support; refute or characterize either directly or indirectly, in whole or in part.

9. As used herein, the term "you" means you, yourself, the person to whom these interrogatories are addressed or any of your agents, deputies, assignees, partners, associates or any employees, employers, or organizations of which you are a member or any employee, or any person action on your behalf.

10. Use of the term "identify" with referenced to any individual person, means to state his or her full name, present address, position, and business affiliation or employment. "Identify" as to a communication means to state the date of the communication, the type of communication, the place where such communication was made, the identities or the maker(s) and the receiver(s) of the communication and of each person present when it was made, and the subject matter discussed.

11. If you do not answer any interrogatories because of a claim of privilege, set forth the privilege claimed, the facts upon which you rely to support the claim of privilege, and identify all documents for which such privilege is claimed.

12. The word "Plaintiff(s)" shall mean the Plaintiff, DAYNA CHRISTINE CLAWSON, as Personal Representative of the Estate of RICKY KEVIN WHIDDEN, deceased.

13. The word "Defendant(s)" shall mean the Defendant, JUSTIN RIGNEY, in this action, and where applicable, their former directors, officers, employees, affiliates, subsidiaries and agents.

### III. INSTRUCTION

1. In answering each Interrogatory, identify each document or communication or act (I) relied upon in the preparation of each answer; (ii) which forms all or part of the basis for the answer; (iii) which corroborates the answer; and (iv) the substances which forms all or part of the answer.

2. In answering these Interrogatories, Defendant is requested to furnish all information which is available to Defendant or his/her attorney, including but not limited to information in the possession of any attorneys, agents, investigators, representatives or anyone acting in cooperation or in concert with the case to be presented by Defendant.

3. If any Interrogatory cannot be answered in full, after exercising due diligence to secure the information to do so, please so state and answer the Interrogatory to the extent possible, specifying the reasons for any inability to answer the remainder of any such Interrogatory and stating whatever information or knowledge presently is available concerning the portions of said Interrogatory that asserted could not be answered.

## INTERROGATORIES

1. Please state the name and address of the person answering these interrogatories, and if applicable, the official position or relationship of the party to whom the interrogatories are directed?

2. Have any written and/or recorded statements been prepared by you concerning the incident alleged in the Complaint?

3. State the names and addresses of all persons known to you who were present, who observed and/or were witnesses at the time of the incident alleged in the Complaint.

4. Please identify any and all Law Enforcement Officers, Civilian Aides or witnesses who aided in the apprehension, detention, arrest and investigation of RICKY KEVIN WHIDDEN, on the date of the alleged in the Complaint.

5. Please state if at the time of the incident alleged in the Complaint, you were covered by an insurance policy which an insurer may be liable to satisfy in part or all of a judgment or reimburse you for payments to satisfy part of all of a judgment, state the following:

    a. The name(s) and address(es) of the insured(s);

    b. The amount of coverage under each insurance policy;

    c. The name(s) and address(es) of said insurer(s).

6. Please state if you have ever been the subject of any civilian complaint or internal disciplinary proceeding having to do with alleged abuses of your powers as a law enforcement officer. State as to each such proceeding, the nature of the charges made against you, the name and address of each person who brought such charges against you, the date and outcome of the each such proceeding, including the date and nature of the any disciplinary action against you, if any was taken.

7. Please state exactly in complete detail all contact of any kind you had with RICKY KEVIN WHIDDEN, on the date of the incident alleged in the Complaint, identifying every other person known to you who was present or you were in direct communication with during the incident alleged in the Complaint.

8. If you claim that you were acting under the orders of any person or institution during any of the activities you have described above, identify each such person and state exactly and in detail each such order.

9. If you claim that you are entitled to qualified immunity in connection with any of the events alleged in the complaint, state exactly and completely, your entire basis for making such a claim, all physical evidence which might or could be introduced on your behalf in support of such claim; identify all witnesses who might or could be called to justify on your behalf in support of such claim.

10. Please state if any electronic or photographic record was made of any part of the events alleged in the Complaint or in your answers to the preceding interrogatories, identify the person or persons having present custody of such electronic or photographic record or recording and state the exact present location of each such photograph or recording.

11. Please state if you have ever been arrested and/or convicted of any crime whatsoever. Identify by name and description the nature of each such offense, the date on which same occurred, and the location and disposition of any prosecution arising out of any such arrest.

12. Please state all local or federal Use of Force training, Use of Control training and Defensive Tactics training, that you have been provided and specify all dates of such training.

13. Please state the distance between you and RICKY KEVIN WHIDDEN when you discharged your firearm at RICKY KEVIN WHIDDEN on the night alleged within the Plaintiff's Complaint.

14. Please state if you have ever been disciplined, reprimanded or counseled at any time for any incident during your tenure with the Palm Beach County Police Department. If you answered affirmatively, please provide the incident for which you were disciplined and the discipline rendered.

15. Identify all training either within or outside of the Palm Beach County Sheriff's Office in connection with proper use of a firearm and the discharge of a firearm at to include all training received during the Police Academy and any and all subsequent training while employed as a Sworn Law Enforcement Officer of the Palm Beach County Sheriff's Office or any other law enforcement agency.

16. Specify what information was available to you prior to you coming into physical contact with RICKY KEVIN WHIDDEN on the date of the incident alleged in the Complaint.

17. Did you personally render first-aid to RICKY KEVIN WHIDDEN, on the night alleged in the Complaint? If so, please specify all aid rendered by you to RICKY KEVIN WHIDDEN.

18. Please identify each and every incident in which you discharged your firearm while on-duty or while off-duty during your tenure with the Palm Beach County Sheriff's Office.  For each incident identified, please specify the name(s) of each individual, the date of each incident, and the circumstances surrounding each incident for which your firearm was discharged?

19. Please identify each and every incident in which you were involved in any Use of Force incident.  For each incident identified, please specify the name(s) of each individual, the date of each incident and the circumstances surrounding each Use of Force Incident.

20. Please state if you have ever been a named Defendant, in a lawsuit other than the present matter, and if so, describe the allegations and state the nature of the action, and the date and court in which such suit was filed.

_____
Affiant

STATE OF FLORIDA
COUNTY OF PALM BEACH

    Sworn to and subscribed before me this _____ day of _____, 2017, by _____.

    (SEAL)                         _____
                                            Notary Public

                                            _____
                                            (Print name)

Personally Known _____ OR Produced Identification _____
Type of Identification _____