UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 9:17cv80824  ROSENBERG/HOPKINS

DAYNA CHRISTINE CLAWSON, as Personal
Representative of the Estate of
RICKY KEVIN WHIDDEN

       Plaintiff,

vs.

JUSTIN RIGNEY, in his Individual Capacity,
and PALM BEACH COUNTY SHERIFF'S OFFICE
[RIC BRADSHAW in his capacity as Sheriff
of Palm Beach County, Florida]

       Defendant.

_____/

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO DEFENDANT JUSTIN RIGNEY

Pursuant to 1.340 Florida Rules of Civil Procedure, the plaintiff requests that defendant, JUSTIN RIGNEY, through counsel, provide the plaintiff, through counsel undersigned, at the office address of counsel undersigned, within thirty days of the date hereof, all written or tangible materials, including photographs, in the possession, custody or control of the defendant or defense counsel, or to which the defendant or defense counsel have access, which materials concern or are relevant to the subject matter of this action, including, but not limited to, the following:

### PRELIMINARY STATEMENT

If any documents, statements, recordings, or videos requested are no longer in existence, state whether it (a) is missing or lost, (b) has been destroyed, (c) has been transferred voluntarily or involuntarily to others, or (d) has been otherwise disposed of, and in each instance explain the circumstances surrounding the reason for and manner of such disposition and state the date or approximate date thereof.

If any documents, statements, recordings, or videos called for in this request have been destroyed intentionally at any time during the past ten years, such documents, statements, recordings, or videos should be identified and the reasons and date of its destruction noted.

If any documents, statements, recordings, or videos called for in this request are not produced because of claim of privilege, work product or trade secret, those documents, statements, recordings, or videos should be fully described along with a statement of why they are not being produced.

The word "documents", as used herein, includes drafts and final copies of letters, memoranda, interoffice memoranda, intra-office memoranda, handwritten notes, memoranda of telephone conversation or meetings, diaries, calendars, appointment books, journals, ledgers, record books, recordings, transcriptions, compilations or writings or things of any kind relating to the request, including all drafts or copies hereof, however made or reproduced, all paper material of any kind, whether written, typed, printed, punched, filmed or marked in any way, recording tape or wires, films, photographs, movies or any graphic matter, however produced or reproduced, and all mechanical or electrical recordings or transcriptions thereof.

The words "relating to" as used herein means concerning, respecting, referring to summarizing, digesting, embodying, reflecting, establishing, tending to establish, tending not to establish, evidencing, comprising, connected with, or commenting on, responding to, disagreeing with, explaining, showing, describing, analyzing, representing, constituting, or including.

If you believe that any document requested herein is exempt from investigation and examination, pursuant to the requirements of Chapter 119, Florida Statutes, state the basis of the exemption which you contend is applicable to the document, including a citation to an exemption created or afforded by statute, and, state in writing and with particularity the reasons for your conclusion that the document is exempt.

We will pay the reasonable copying charges which you actually incur in connection with this request. If you believe that such copying charges will exceed $100.00, please call me before beginning the copying process. Please provide the documents in the most cost efficient manner, which frequently means .pdf versions of documents.

## REQUESTS TO PRODUCE

1. All e-mails, text messages, instant messages and all other data contained on any personal laptop, personal tablet, personal i-pad, and the like concerning the incident that occurred on December 31, 2016;

2. The personal cellular telephone, smart phone, android device that was in your possession on December 31, 2016 that was requested to be preserved pursuant to Kaplan Sconzo & Parker's preservation letter dated January 19, 2017;

3. Copies of all text messages, instant messages and all other data contained on the department issued cell phone, laptop, or other digital device in the possession of the Palm Beach County Sheriff's Office pursuant to Kaplan Sconzo & Parker's preservation letter dated January 19, 2017.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the *Plaintiff's Request for Production to Defendant Rigney* was filed with the Clerk via the E-portal and an electronic notification was sent via email to: Richard A. Giuffreda, Esq., 2455 East Sunrise Boulevard, Suite 1216, Fort Lauderdale, FL 33304 richard@purdylaw.com; jennifer@purdylaw.com and Scott N. Richardson, Esq. 1401 Forum Way, Suite 720, West Palm Beach, Florida 33401, email snr@scottnrichardsonlaw.com and meh@scottnrichardsonlaw.com on this 18th day of September, 2017.

**KAPLAN & SCONZO, P.A.**
PGA Financial Plaza
3399 PGA Boulevard, Suite 150
Palm Beach Gardens, Florida 33410
Telephone: (561) 296-7900
Facsimile: (561) 296-7919

By: */s/ Stuart N. Kaplan*
STUART N. KAPLAN, ESQUIRE
Florida Bar No.: 0647934
Email**:** skaplan@ksplaw.com
Primary Email: jwise@ksplaw.com